**Dismissed and Memorandum Opinion filed April 15, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00274-CR

### DEANDRE MARQUIS GRAY, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 67875**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to murder. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on June 13, 2013, to confinement for forty years in the Institutional Division of the Texas Department of Criminal Justice. No motion for new trial was filed. Appellant's pro se notice of appeal was not filed until February 14, 2014. We dismiss the appeal.

A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R.

App. P. 26.2(a)(1). Appellant's notice of appeal was not filed timely. A notice of appeal which complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and it can take no action other than to dismiss the appeal. *Id.*

Furthermore, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).